MEMORANDUM **
Parulian Christmas Hope Hasibuan, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his applications for asylum, withholding of removal, protection under the Convention Against Torture (“CAT”), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and review questions of law de novo, Chavez-Perez v. Ashcroft, 386 F.3d 1284, 1287 (9th Cir.2004). We deny in part and dismiss in part the petition for review.
The record does not compel the conclusion that Hasibuan filed his asylum application within a reasonable time period after learning that he was the victim of immigration fraud, or that additional extraordinary circumstances excused his untimely filing. See Husyev v. Mukasey, 528 F.3d 1172, 1181-82 (9th Cir.2008). Accordingly, Hasibuan’s asylum claim fails.
Substantial evidence supports the BIA’s determination that the beatings by Hasibuan’s father and the two attacks Hasibuan suffered did not rise to the level of past persecution. See Hoxha v. Ash *374 croft, 319 F.3d 1179, 1181 (9th Cir.2003). In addition, even if the disfavored group analysis set forth in Sael v. Ashcroft, 386 F.3d 922 (9th Cir.2004) applies to Indonesian Christian homosexuals in the context of withholding of removal, Hasibuan has not demonstrated a clear probability of future persecution if he returns to Indonesia. See Hoxha, 319 F.3d at 1184-85 (9th Cir.2003).
Substantial evidence also supports the BIA’s denial of CAT relief because Hasibuan did not establish that it is more likely than not that he will be tortured if he returns to Indonesia. See Hasan v. Ashcroft, 380 F.3d 1114, 1122 (9th Cir.2004).
The BIA did not err when it determined that Hasibuan did not have the requisite qualifying relative for cancellation of removal. See Adams v. Howerton, 673 F.2d 1036, 1040-41 (9th Cir.1982) (only partners in heterosexual marriages are considered “spouses” under the Immigration and Nationality Act).
Because Hasibuan has not asserted that he and his partner are married under state law, Hasibuan lacks standing to bring a constitutional challenge to the federal definition of spouse. See Smelt v. County of Orange, 447 F.3d 673, 684 (9th Cir.2006). In addition, because Hasibuan does not assert that he attempted to marry his partner, he also lacks standing to challenge California’s marriage laws. See Serena v. Mock, 547 F.3d 1051, 1054 (9th Cir.2008) (plaintiffs’ failure to apply for grand jury service deprived them of standing to challenge grand jury selection procedures). Therefore, we dismiss Hasibuan’s constitutional claims for lack of jurisdiction.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.